IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JOHN O. WALKER,

      Petitioner

   VS.

MICHELLE MARTIN, WARDEN,

      Respondent

NO. 5: 05-CV-222 (CAR)

PROCEEDINGS UNDER 28 U.S.C. §2254
BEFORE THE U. S. MAGISTRATE JUDGE

## RECOMMENDATION

Before the court is respondent MICHELLE MARTIN's renewed Motion to Dismiss petitioner JOHN O. WALKER's petition for habeas corpus relief. Tabs #7 and #53. The respondent's motion cites the petitioner's failure to exhaust state remedies as required by *Picard v. Connor*, 404 U.S. 270, 275 (1971) (*citing Ex Parte Royall*, 117 U.S. 24l (1886)) and codified in 28 U.S.C. §§2254 (b) and (c). Tabs #7 and #53. Petitioner Walker has responded to the respondent's motion. Tab #47.

Petitioner Walker was convicted of robbery, hjijacking a motor vehicle, and kidnapping in **1998**. After years of attempts to appeal his conviction, it was not until 2006 that his motion for a new trial was entertained by the state court and even that was apparently done only because of the petitioner's filing of the instant federal petition. *See* Respondent's Brief in Support of Supplemental Answer-Response, Tab #31 at 6. The state court denied the petitioner's motion for new trial. The respondent has advised that petitioner Walker has failed to use the appropriate state appeals process in the time since the state denied his motion for new trial and submits that the instant federal petition is not properly before this court based on exhaustion grounds.

This court is faced with two conflicting legal principles, to-wit: comity between the federal and state judicial systems which dictates that the state should be given every opportunity to remedy any errors in its legal systems. *See Wilwording v. Swenson*, 404 U.S. 249, 250 (1971); and, a citizen's right to have his legal claims resolved in a timely fashion: petitioner has sat in prison for eight years as the state appeals process has been entirely ineffective.

It is noted that the exhaustion requirement is <u>discretionary</u>, not jurisdictional. ***Winck v. England***, 327 F.3d 1296, 1299 (11th Cir. 2003). Based on the **totality of the circumstances**, the undersigned believes that due to an "inordinate delay in the State postconvicton process . . . the state remedy [has been] ineffective" in protecting petitioner Walker's rights. ***Reynolds v. Waivwright***, 460 F.2d 1026 (5th Circuit, 1972).

Accordingly, IT IS RECOMMENDED that the respondent's renewed Motion to Dismiss (Tab #53) be **DENIED**.[1]  Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

Upon the district court's adoption of this RECOMMENDATION, the undersigned will order that an evidentiary hearing be convened.

SO RECOMMENDED, this 24th day of AUGUST, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1]The petitioner's MOTION TO PRODUCE EXHIBITS AND DOCUMENTS (Tab #41) is **DENIED**.  The information requested by the petitioner will be made available to him if and when the evidentiary hearing is convened.