**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **JOHN ORLANDO WALKER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 5:05-CV-222(MTT)** |
| | ) | |
| **DANNIE THOMPSON, Warden,** | ) | **Petition for Writ of Habeas Corpus** |
| | ) | **28 USC § 2254** |
| **Respondent.** | ) | |

## <u>ORDER</u>

Before the Court is Magistrate Judge Charles H. Weigle's Recommendation to deny Petitioner John Orlando Walker's petition for habeas corpus relief. Doc. 134. Walker has objected to the Recommendation. Doc. 136.

In 1998, Walker was found guilty of armed robbery, kidnapping, and hijacking a motor vehicle. *State v. Walker*, Case No. 98-C-23811; Doc. 137-1 at 1-2. Following these convictions, there were a number of delays in Walker's attempts to exhaust his state remedies. Most notably, the trial court did not enter a final order on his 1998 motion for new trial until July 1, 2009. In the meantime, Walker filed this action, which the Court stayed to allow Walker to exhaust his state remedies. Doc. 122. His direct appeal became final June 22, 2011. Doc. 116 at 1, 7. Walker then filed a state habeas petition; on January 15, 2015, Respondent notified this Court that the state habeas review had concluded. Doc. 127; Doc. 134 at 4. This Court then lifted its stay and the Magistrate Judge entered his Report and Recommendation on April 1, 2016. Doc. 134. Walker has objected to "the entire recommendation." Doc. 136 at 19.

Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered Walker's objection and has made a de novo determination of the findings in the Recommendation. The Court has reviewed the Recommendation, and the Court accepts and **adopts as modified** the findings, conclusions, and recommendations of the Magistrate Judge. In addition, the Court considers Walker's contention that the Recommendation did not address all of his claims and his objection to the dismissal of his appointed counsel and his motion for reappointment of counsel.

## I.  Ineffective Assistance of Appellate Counsel

The Magistrate Judge recommended that Walker's claim of ineffective assistance of appellate counsel be denied and Walker objected to this recommendation.[1] However, the Court cannot determine whether the Magistrate Judge properly applied established federal law regarding ineffective assistance of counsel.[2] Consequently, the

---

[1] After thoroughly addressing the allegations of ineffective assistance of appellate counsel, a paragraph on page 38 of the Magistrate Judge's Recommendation suggests that those issues have not been considered. Doc. 134 at 38. This paragraph is identical in every way to a paragraph in the Magistrate Judge's August 19, 2011 Recommendation. Doc. 112 at 35. The Court can only assume the paragraph was mistakenly transposed into the current Recommendation. In any event, it is clear that the Magistrate Judge addressed Petitioner's claim of ineffective assistance of appellate counsel.

[2] The Magistrate Judge properly found that Walker's claim of ineffective assistance of appellate counsel should be analyzed under *Strickland v. Washington*. 466 U.S. 668 (1984). Under *Strickland*'s first prong, a petitioner must prove that performance of counsel was deficient by a preponderance of the evidence. *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). Meanwhile, to prove prejudice— *Strickland*'s second prong—a petitioner must only make a showing that a different outcome is "reasonably likely." *Strickland*, 466 U.S. at 696. In the Recommendation, it is unclear whether the Magistrate Judge properly applied this element of *Strickland*. *Compare* Doc. 134 at 19 ("To prevail on a claim of ineffective assistance of counsel, the petitioner bears the burden of establishing by a preponderance of the evidence that:  1) his attorney's performance was deficient, **and** 2) he was prejudiced by the inadequate performance.") (emphasis added) *with* Doc. 134 at 20 ("To establish prejudice, a petitioner must show that there is a reasonable probability that but for counsel's inadequate representation, the outcome of the proceedings would have been different. *Strickland*, 466 U.S. at 697; *Meeks v. Moore*, 216 F.3d 951, 960 (11th Cir. 2000)."). "[T]he difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters only in the rarest case." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (internal quotation marks omitted). But a difference exists. The Court notes the Recommendation's misstatement of law, and the Court applies the correct "reasonably probable" (or "reasonably likely") standard to the "prejudice" prong of Walker's *Strickland* claim.

Court undertakes its own analysis of Walker's claim of ineffective assistance of appellate counsel.

Walker alleges that he was prejudiced by various errors of appellate counsel in his direct appeal and by counsel's decision not to raise certain claims on direct appeal. Walker raised a claim of ineffective assistance of appellate counsel to the state habeas court and moved this Court to incorporate those grounds for ineffective assistance into this action. Doc. 131 at 12. Although Walker did not properly amend his habeas petition to include the grounds for ineffective assistance raised to the state habeas court, this Court will consider these grounds for ineffective assistance of appellate counsel. *See Potts v. Estelle*, 529 F.2d 450, 452 (5th Cir. 1976) (incorporating by reference the petitioner's arguments for ineffective assistance of appellate counsel in his state habeas action into the 2254 petition). Walker also attempts to raise additional claims not raised to the state habeas court, and the Court will address these as well.[3]

To prevail on a claim of ineffective assistance of appellate counsel, Walker must prove (1) his counsel's performance was deficient and (2) he was prejudiced by that performance. *Strickland*, 466 U.S. at 687 (1984); *see also Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Philmore v. McNeil*, 575 F.3d 1251, 1264 (11th Cir. 2009) (per curiam) (citing *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991)) ("Claims of ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under *Strickland.*"). First, Walker must show his appellate counsel's

---

[3] The Court can treat Walker's claims that were not raised before the state habeas court as procedurally defaulted. Under O.C.G.A. § 9-14-51, Walker is barred from returning to the state habeas court to raise these claims. "Where a return to state court would be futile—because the petitioner's claims would clearly be barred by state procedural rules—a federal court can forego the needless judicial ping-pong and treat unexhausted claims as procedurally defaulted." *Hittson v. GDCP Warden*, 759 F.3d 1210, 1260 n.56 (11th Cir. 2014) (internal quotation marks omitted) (quoting *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998)). Even if these claims were not procedurally defaulted, they would fail for the reasons stated herein.

performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.  Second, he must establish there "is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id*.  To determine whether appellate counsel's performance was ineffective, the court must consider whether the claim "would have a reasonable probability of success on appeal."  *Heath*, 941 F.2d at 1132.

This Court must give AEDPA deference to the findings of the state court. *Williams v. Allen*, 598 F.3d 778, 798 (11th Cir. 2010); *see also Rambaran v. Sec'y, Dep't of Corrs.*, 821 F.3d 1325, 1332 (11th Cir. 2016) (finding the district court erred in not applying § 2254(d)(1) deference; *Brooks v. Comm'r., Alabama Dep't of Corrs.*, 719 F.3d 1292, 1300 (11th Cir. 2013) ("[O]ur review of Brooks's *Strickland* claims is also subject to AEDPA deference.").  This Court may not grant habeas relief with respect to any claim that has been adjudicated on the merits in state court unless the state court's decision (1) was contrary to clearly established Federal law; (2) involved an unreasonable application of clearly established federal law; or (3) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d)(1)-(2); *see also Harrington v. Richter*, 562 U.S. 86, 100 (2011) (citations omitted).  The state habeas court applied *Strickland*—the appropriate established federal law.  Moreover, there is no case with "materially indistinguishable facts" in which the Supreme Court has determined appellate counsel was ineffective.  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  The state habeas

court's decision, therefore, is not "contrary to" clearly established federal law.  28 U.S.C. § 2254(d)(1).

The only remaining issues are whether the state court's decision involved an unreasonable application of *Strickland* or was based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(1)-(2).  To determine if the state habeas court made an "unreasonable application," the Court must find no reasonable jurist could disagree that the state court unreasonably applied *Strickland*.  *Brooks*, 719 F.3d at 1300 (stating the court cannot find the petitioner was prejudiced unless "no reasonable jurist could decide otherwise").  "If fairminded jurists could disagree about the correctness of the state court's decision, then the state court's application of *Strickland* was not unreasonable, and AEDPA precludes the grant of habeas relief."  *Id.* (citing *Evans v. Sec'y, Dep't of Corrs.*, 703 F.3d 1316, 1326-27 (11th Cir. 2013) (en banc)); *cf. Harrington*, 562 U.S. 86 (2011).  The same standard applies to the state court's factual determinations.  *See Holsey v. Warden, Ga. Diagnostic Prison*, 694 F.3d 1230, 1256-57 (11th Cir. 2012).  "To be unreasonable, the error in the state court's finding must be so clear that there is no possibility for 'fairminded disagreement.'"  *Id.* at 1260 (quoting *Harrington*, 562 U.S. at 102).

For the reasons discussed below, Walker has failed to make these showings.

## A.  Alleged Errors by Appellate Counsel

Walker alleges his counsel failed to adequately review the record and to consult with him, particularly concerning what claims to raise on appeal.  *Id.* at 9-10, 19.  The state habeas court found these claims lacked factual merit because his counsel adequately reviewed the record and consulted with Walker on issues, including the

claims to raise on appeal. *Id.* at 19. Walker has not presented evidence that contradicts this finding. Consequently, he has failed to establish that no "fairminded jurist" could agree with their factual determinations. *Holsey*, 694 F.3d at 1260 (quoting *Harrington*, 562 U.S. at 102).

Additionally, Walker claims his appellate counsel was ineffective by failing to deliver the record to him, failing to obtain his signature prior to substitution of counsel, and failing to file a reply brief. Doc. 137-1 at 9-10. The state habeas court found these alleged failures did not constitute deficient performance by Walker's appellate counsel and he was not prejudiced by these failures. *Id.* at 19-21. First, the court found Walker's counsel was not under a duty to obtain his signature prior to the substitution of counsel. Doc. 137-1 at 19 ("Petitioner has identified no constitutional requirement that [his counsel obtain his signature], much less any state law or rule requiring Petitioner's signature."). The court also found Walker's appellate counsel's failure to deliver the record to him was not a claim for relief under O.C.G.A. § 9-14-42(a). *Id.* at 19, 21. Finally, the court found Walker's appellate counsel was under no "per se duty" to file a reply brief and the decision not to do was not improper under the circumstances. *Id.* at 20. Therefore, the state habeas court found these enumerations of error did not prove ineffective assistance of appellate counsel under *Strickland*. Walker has failed to present evidence that refutes the findings of the state habeas court. Therefore, Walker has failed to prove the state habeas court's decision was based on an unreasonable application of *Strickland*.

Next, Walker claims his appellate counsel was ineffective for failing to submit an adequate brief and he was prejudiced by the state court of appeals' reliance on the

"inadequate" brief.  Doc. 136 at 11; Doc. 137-1 at 10.  The state habeas court found

Walker did not prove the appellate brief was inadequate.  *Id.* at 20 ("Petitioner's

apparent disagreement with counsel's decision on what issues to raise does not mean

that counsel's brief was deficient.").  Before the Magistrate Judge (Doc. 131) and in his

objection to the Magistrate Judge's Recommendation (Doc. 136), Walker again

presents this argument and specifically alleges the errors in his appellate brief that

rendered it "inadequate."  Doc. 131 at 5-9; Doc. 136, at 11-15.  The gravamen of

Walker's argument is that his appellate counsel misstated facts concerning the similar

transaction evidence and the state court of appeals relied on these misstatements in

affirming the admission of the similar transaction evidence and, consequently, his

conviction.  *Id.*  However, contrary to Walker's assertion, the state court of appeals did

not solely rely on his counsel's brief to ascertain the facts of the case; the court also

reviewed the record and factual findings of the trial court.  *See Walker v. State*, 310 Ga.

App. 223, 231-34 (2011).  Applying a clearly erroneous standard of review, the state

court of appeals found there was sufficient evidence to prove (1) Walker was involved in

the similar transactions, and (2) the similar transactions were sufficiently related to the

charged crime.  *Id.*  Based on these findings, if there were errors in the appellate brief, it

is not reasonably likely that, but for the errors in his appellate brief, the state court of

appeals would have made a contrary decision regarding the similar transaction

evidence.  *Strickland*, 466 U.S. at 696.  Therefore, Walker has failed to prove the state

habeas court's decision was based on an unreasonable application of *Strickland* or an

unreasonable determination of the facts.

Finally, Walker claims his appellate counsel was ineffective because counsel was somehow responsible for the delay in his appeal.  Doc. 28 at 6.  The Magistrate Judge thoroughly analyzed the delay in Walker's appeal and found he had not established prejudice from this delay, a finding that this Court adopts.  Doc. 134 at 15-19.  Therefore, Walker's claim of ineffective assistance of appellate counsel based on this delay fails because, even if his appellate counsel was responsible for the delay, he has failed to prove he was prejudiced by it.[4]

### B.  Claims that Appellate Counsel did not Present on Direct Appeal

Walker alleges that his appellate counsel was ineffective for failing to present certain claims on direct appeal.  When analyzing the effectiveness of appellate counsel, courts have recognized that appellate counsel is not required to "raise every 'colorable' claim suggested by a client." *Jones v. Barnes*, 463 U.S. 745, 751-54 (1985).   Instead, appellate counsel is given deference to winnow out weak arguments from the strong in making strategic decisions on what claims to raise.  *Id.* at 754.  To determine whether Walker was prejudiced due to counsel's decision not to raise a claim on direct appeal, the Court "must first perform a 'review of the merits of the [omitted or poorly presented] claim.'" *Heath*, 941 F.2d at 1132 (quoting *Cross v. United States*, 893 F.2d 1287, 1290 (11th Cir. 1990)).  When appellate counsel's decision not to present claims is challenged, the decision is not deemed prejudicial unless those claims, if properly presented, "would have a reasonable probability of success on appeal." *Harrison v.*

---

[4] Walker also alleges that his last appellate counsel was ineffective for failing to raise a claim, on direct appeal, that his previous appellate counsel was ineffective by causing the delay in his appeal.  Doc. 129 at 3.  The state habeas court found his appellate counsel was aware of this potential claim and reasonably determined it was not worthy of being raised on appeal.  Doc. 137-1 at 17-18.  Walker has not presented evidence that refutes this finding and has not proved this claim had a "reasonable probability of success on appeal." *Harrison*, 577 F. App'x at 913.  Therefore, he failed to prove the state habeas court, in making this decision, unreasonably applied *Strickland*.

*United States*, 577 F. App'x 911, 913 (11th Cir. 2014) (quoting *Heath*, 941 F.2d at 1132).  Walker has not made such a showing here.

First, Walker alleges his counsel was ineffective for failing to present a "violation of first appearance" in his direct appeal.  Doc. 131 at 12.  Walker alleges he was denied his "right to [a] first appearance under O.C.G.A. [§] 17-4-26" and corresponding federal law.  Doc. 28 at 3.  Walker did not present this claim as grounds for ineffective assistance of counsel before the state habeas court and could not return to state court to present this claim.  O.C.G.A. § 9-14-51 (Grounds not raised by a petitioner in his original or amended habeas petition are waived).  "Where a return to state court would be futile—because the petitioner's claims would clearly be barred by state procedural rules—a federal court can forego the needless judicial ping-pong and treat unexhausted claims as procedurally defaulted."  *Hittson v. GDCP Warden*, 759 F.3d 1210, 1260 n.56 (11th Cir. 2014) (internal quotation marks omitted) (quoting *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998)).  Therefore, the Court can treat this claim as procedurally defaulted.  Walker has not shown cause and prejudice or a fundamental miscarriage of justice necessary to excuse this procedural default.  If the claim were not procedurally defaulted, Walker has also failed to prove it had a reasonable probability of success on appeal.

Additionally, Walker argued to the state habeas court that his appellate counsel should have brought the following claims on direct appeal:  alleged *Bruton* violations; untimely discovery; critical issues regarding similar transaction evidence; issues surrounding the indictment; that the Judge was not impartial; that Walker was prejudiced by proceedings taking place outside his presence; and that his trial counsel

was ineffective.  Doc. 137-1 at 15-21.  The state habeas court applied *Strickland* and found the decision to omit these claims on direct appeal was not unreasonable and Walker was not prejudiced by this decision.  *Id.*  Therefore, Walker must prove the state court's determination was an unreasonable application of *Strickland* or was based on an unreasonable determination of the facts.  Walker cannot make this showing because, for the reasons stated below, he did not prove the "neglected claim[s] would have a reasonable probability of success on appeal."  *Heath*, 941 F.2d at 1132.  Therefore, Walker failed to prove he was prejudiced by counsel's decision not to raise these claims and, consequently, failed to prove the state habeas court's decision was based on an unreasonable application of *Strickland* or unreasonable determination of the facts.

### 1.  *Bruton* Violations

Walker alleges his appellate counsel was ineffective for failing to argue *Bruton* violations on direct appeal.  Doc. 100 at 1-2; Doc. 137-1 at 9-10.   Under *Bruton v. United States*, a defendant's confrontation rights are violated if, at a joint trial, the testimonial statement of a non-testifying co-defendant is used against the defendant. 391 U.S. 123, 137 (1968).   Here, a statement by co-defendant Roderick Hope, who did not testify, was used against Walker.  Doc. 137-1 at 16.  However, Hope pled guilty after the introduction of the statement and therefore could have been called as a witness and subjected to cross-examination.  *Id.*  Walker's trial counsel chose not to do so for strategic reasons.  Doc. 134 at 24 n. 8 ("At the time of trial, Georgia's criminal trial procedures allowed a defendant to have the final closing argument if the defendant did not present any evidence.  Calling Hope for cross examination would have given the State the last word on closing.").  Regardless, there was no *Bruton* violation because

the co-defendant was available for cross-examination.  Further, if there was found to be a *Bruton* violation, it would likely have been harmless error.  The prejudice resulting from the co-defendant's statement was so insignificant in light of the overwhelming evidence of guilt "that it is clear beyond a reasonable doubt that the improper use of the [statement] was harmless error."  *Mason v. State*, 279 Ga. 636, 638 (2005) (quoting *Schneble v. Florida*, 405 U.S. 427, 430 (1972)).  Therefore, Walker was not prejudiced by counsel's decision not to present this claim as it did not have a reasonable probability of success on appeal.

### 2.  Discovery Violations

Walker alleges his appellate counsel was ineffective for failing to raise the issue of untimely discovery and that certain evidence should not have been admitted due to discovery violations.  Doc. 100 at 1-2; Doc. 137-1 at 9-10.  "There is no general constitutional right to discovery in a criminal case."  *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977).  Georgia law provides for discovery in criminal cases but trial courts are given great discretion to remedy discovery violations by either party.  O.C.G.A. §§ 17-16-1 *et seq.*; 17-16-4; 17-16-6.  A trial court may exclude evidence to remedy a discovery violation; however, this "is a harsh sanction and should be imposed only when there is a showing of prejudice to the defense and bad faith by the State."  *Fairbanks v. State*, 242 Ga. App. 830, 832 (2000) (internal quotation marks omitted) (quoting *Brown v. State*, 236 Ga. App. 478, 481-82 (1999)).  Based on the discretion afforded the trial court, the decision not to exclude the evidence was unlikely to be found in error.  Walker presents no evidence of bad faith on the part of the state, nor evidence of prejudice due to the introduction of the evidence at issue.  Doc. 134 at 30.  Walker failed to prove this

claim had a reasonable probability of success on appeal and, consequently, that he was prejudiced by its omission.

### 3.  Similar Transaction Evidence

Before the state habeas court, Walker argued his appellate counsel was ineffective by failing to challenge the admission of similar transaction evidence.  Doc. 137-1 at 20.  In fact, appellate counsel raised this issue and, consequently, the state habeas court found Walker's argument lacked merit.  Doc. 137-1 at 20; *Walker*, 310 Ga. App. at 231-232.  Before this Court, in a document entitled "Petitioner's Supporting Facts to Supplemental Brief" (Doc. 131) and in Petitioner's objection to the Recommendation (Doc. 136), Walker alleges his appellate counsel was ineffective for failing to present certain arguments concerning the similar transaction evidence.  Doc. 131 at 6-7; Doc. 136 at 11-12.  Specifically, Walker contends counsel failed to argue the state did not provide Walker with the "names, county, and accusation [sic] of the Similar transaction" or that the "Similar [t]ransaction [evidence] clearly was intended to shock and inflame Walker's jury."  *Id.*  To the extent Walker is arguing his appellate counsel improperly argued the similar transaction claim and not that counsel did not raise it at all, this claim is not exhausted and the Court can treat it as procedurally defaulted. *Hittson*, 759 F.3d at 1260 n.56 (quoting *Snowden*, 135 F.3d at 735).  Walker has not shown cause and prejudice or a fundamental miscarriage of justice necessary to excuse this procedural default.

Moreover, appellate counsel actually made the same arguments on direct appeal that Walker now faults him for failing to make. Appellate counsel argued the trial court should not have admitted the similar transaction evidence because the "State's Notice

failed to provide the transaction, date, county, or the names of the victims for each similar transaction it sought to introduce." Doc. 116-2 at 3. Additionally, counsel argued the "similar transaction evidence only served to inflame the jury . . . ." Doc. 116-2 at 8. Therefore, Walker cannot base a claim of ineffective assistance of appellate counsel on his counsel's failure to make these arguments because they were in fact raised before the state court of appeals.

### 4.  Issues with the Indictment

Walker argues his appellate counsel was ineffective for failing to raise various issues concerning his indictment. Specifically, he argues his appellate counsel should have raised that he was tried on an indictment without being provided proper discovery under state law, that his indictment was invalid because it was not returned in open court in accord with state law, and other "unspecified issues about the indictment." Doc. 100 at 1-2; Doc. 137-1 at 10. The issue of lack of discovery has already been addressed. Additionally, Walker's appellate counsel did in fact challenge the trial court's decision not to quash the indictment on direct appeal. *Walker*, 310 Ga. App. at 230 ("Walker contends that the trial court erred in failing to quash the indictment, arguing that the indictment was invalid because, allegedly, it was returned when the grand jury was not in session."). As to any other issues concerning the indictment that were not raised on direct appeal, appellate counsel is given discretion to winnow out the weak arguments from the strong and do not have to raise every colorable argument. *Jones*, 463 U.S. at 751-54. Additionally, Walker has failed to prove a reasonable probability that his challenge to the indictment would have been successful had his counsel raised these other issues. Therefore, not only was his appellate counsel's decision to omit

these issues within their discretion, Walker has failed to prove prejudice from this decision.

### 5.   Challenging the Impartiality of the Judge

Walker, in his state habeas action, alleged his appellate counsel was ineffective for failing to argue the trial judge was not impartial.  Doc. 137-1 at 10.  The state habeas court found this claim was "unavailing" because Walker failed to provide factual grounds upon which his appellate counsel could have challenged the impartiality of the trial judge.  Doc. 137-1 at 20.  In this federal habeas action, other than veiled references of bias against Walker because he was an "outsider" from Detroit, Walker has again failed to allege facts that would support a challenge to the trial judge's impartiality.  *See* Doc. 129 at 14.  Therefore, he has failed to prove this claim was reasonably likely to succeed on appeal.

### 6.   Proceedings Outside the Defendant's Presence

Walker argues his appellate counsel was ineffective for failing to raise a claim that he was prejudiced by court proceedings being conducted outside his presence.  Doc. 100 at 2.  "A defendant is guaranteed the right to be present at any stage of the criminal proceeding *that is critical to its outcome* if his presence would contribute to the fairness of the procedure."  *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987) (emphasis added).  To prove he was prejudiced by his absence, Walker must prove that the proceedings that took place without him were "critical" and his absence detracted from the fairness of the proceeding.  *See id*.

The state habeas court did not analyze whether Walker's claim could have succeeded on direct appeal.[5]  Doc. 137-1 at 18.  Rather, the state habeas court found Walker's appellate counsel reasonably decided not to raise this claim and to instead focus on other stronger claims.  *Id*.  The proceedings that took place outside Walker's presence include (1) a discussion of the redaction of transcripts and payment for the copying of transcripts, (2) an informal conference on jury charges, and a (3) discussion of Petitioner's motion for mistrial and the plea negotiations for co-defendant Hope.  Doc. 134 at 32-33.  The state court of appeals was unlikely to find these proceedings to be critical as they concerned primarily legal issues, they were not opportunities for Walker to confront witnesses against him, and he did not have personal knowledge that would have assisted in these discussions.  *See Stincer*, 482 U.S. at 745; *United States v. Boyd*, 131 F.3d 951 (11th Cir. 1997).  Even if these discussions were considered critical, this claim was still unlikely to succeed on direct appeal because Walker's absence did not affect the fairness of the trial.  Following the in camera discussion of transcripts and the redaction process, the parties had a discussion on the issue in court with Walker present.  Doc. 70-11 at 14-25.  Similarly, prior to the in camera discussion of the motion for mistrial and the guilty plea, both parties were informed of co-defendant Hope's guilty plea and both the motion and plea were discussed in Walker's presence.  *Id*. at 38-51.  Finally, Walker cannot argue that his absence from the informal charge conference affected the fairness of his trial by detracting from his ability to contest the jury charges.  At trial, Walker did not challenge the jury charges and therefore cannot allege his absence from this proceeding detracted from his ability to do so.  Accordingly,

---

[5] The state habeas court did not evaluate Walker's claim because he did not question his appellate counsel as to why he did not raise this claim during the state habeas evidentiary hearing.  Doc. 137-1 at 18 n. 6.

Walker has failed to prove that he was prejudiced by his counsel's decision not to raise this claim because this claim was not reasonably likely to succeed on direct appeal.

### 7.  Ineffective Assistance of Trial Counsel

Walker alleges his appellate counsel was ineffective for failing to raise a claim, on direct appeal, that he was prejudiced by ineffective assistance of trial counsel.  Doc. 29 ("Petitioner's Brief in Support of Habeas Petition") at 10.  This claim was not argued before the state habeas court.[6]  Therefore, the claim is not exhausted and the court can treat it as procedurally defaulted.  *Hittson*, 759 F.3d at 1260 n.56 (quoting *Snowden*, 135 F.3d at 735).  Walker has not shown cause and prejudice or a fundamental miscarriage of justice necessary to excuse this procedural default.  Moreover, the Magistrate Judge addressed the substantive claim of ineffectiveness assistance of trial counsel and found it lacked merit.  Doc. 134 at 34-38.  This Court has adopted that portion of the recommendation.  Therefore, Walker has failed to prove this claim had a reasonable probability of success on direct appeal and, therefore, failed to prove he was prejudiced by counsel not raising this claim on direct appeal.

Next, Walker argues his appellate counsel should have argued his trial counsel was ineffective due to "cumulative error" from "multiple violations" of law and procedure.  Doc. 137-1 at 18.  The state habeas court found this did not present a cognizable claim under Georgia law.  *Id.* at 18.  Although, under Georgia law, the effect of counsel's errors should be considered together when determining prejudice, Georgia does not

---

[6] Walker incorporated the arguments for ineffective assistance of appellate counsel in his federal habeas petition, which was filed before his direct appeal and state habeas hearing, into his state habeas petition. Doc. 137-1, pp. 9-10.  The state habeas court incorporated the arguments in Walker's amended petition for writ of habeas corpus.  Doc. 100.  The argument that his appellate counsel was ineffective for not arguing that trial counsel were ineffective was not in this amended petition and therefore not considered by the state habeas court.  However, the argument was proffered in an earlier filing.  Doc. 29 ("Petitioner's Brief in Support of Habeas Petition").

follow the cumulative error rule.  *See Schofield v. Holsey*, 281 Ga. 809, 811 n.1 (2007).

Therefore, Walker has failed to prove a claim of ineffective assistance of trial counsel on

these grounds would have had a reasonable probability of success on direct appeal.

### II.  Objections to Claims not addressed in the Recommendation

Walker objects to the Recommendation not addressing his claims (1) that there

was not sufficient evidence to support his conviction; (2) that he was denied due

process through the use of "illegal evidence" at trial; (3) that he received an excessive

sentence; and (4) that he was denied a fair state habeas hearing.  Doc. 136.  None of

these claims were raised in Walker's original habeas petition or in either of his two

amended petitions.  *See* Docs. 1; 28; 100.  Rather, these claims were raised in briefs

filed by Walker.  In fact, the claims that "illegal evidence" was used at trial and that

Walker was denied a fair state habeas proceeding were brought in a document filed by

Walker at a time when he was represented by appointed counsel.[7]  Doc. 131.

The Court construes Walker's pro se filings liberally.  *See Erickson v. Pardus*,

551 U.S. 89, 94 (2007) (per curium) ("A document filed pro se is to be liberally

construed.") (internal quotation marks and citation omitted); *see also Mays v. United

States*, 817 F.3d 728, 731 n.2 (11th Cir. 2016) ("Given Mays's motion to vacate and

supplemental notice were filed pro se, we construe them liberally.").  Walker amended

his original habeas petition twice—including an amendment filed by appointed

counsel—and failed to include these claims on both occasions.  *See* Doc. 28; 100.

Even construing Walker's filings liberally, the Court finds Walker did not properly bring

these claims prior to his objection.

---

[7] Doc. 131 ("Petitioner's Supporting Facts to Supplemental Brief") was intended to provide facts for the
brief filed by his appointed counsel, "Supplemental Brief as to Ineffective Assistance of Counsel" (Doc.
129), that related entirely to Walker's ineffective assistance of counsel claim.

Accordingly, the Court construes the Objection as a motion to amend the petition to include new claims. *Newsome v. Chatham Cty. Det. Ctr.*, 256 F. App'x 342, 344 (11th Cir. 2007). The Court has discretion to grant or deny this motion. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."); *Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006) (holding a district court does not abuse "its discretion when it accepts an argument that had not been presented to the magistrate judge"). The Court **DENIES** Walker's motion to amend because it is untimely, and, in any event (for the reasons that follow), amendment would be futile because the claims lack merit.

## A. Sufficiency of the Evidence

Walker objects to "the Magistrate recommendation that the state showe[d] overwhelming evidence of Petitioner [sic] guilt." Doc. 136 at 4. The Court will construe this objection as attempting to raise a sufficiency of the evidence claim. The sufficiency of the evidence was addressed on direct appeal by the state court of appeals and decided adversely to Walker. *Walker*, 310 Ga. App. at 228-31. Therefore, the only issue is whether the state court of appeals decision was "contrary to, or involved an unreasonable application of, clearly established federal law" or was based on an unreasonable determination of the facts. 28 U.S.C.A. § 2254(d)(1); *Eckman v. Williams*, 151 F. App'x 746, 748 (11th Cir. 2005). A state conviction obtained through proper procedural prerequisites is improper only if, based on the record, "no rational trier of fact could have found proof beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324, (1979). That is not the case here. The Court agrees with the Magistrate Judge's

contention that there was overwhelming evidence of Walker's guilt.  Doc. 134 at 23.  As such, a rational trier of fact could have found Walker guilty beyond a reasonable doubt.

### B.  "Illegal Evidence"

Walker objects to the Recommendation not addressing his claims that the state, in his criminal trial, used "illegal evidence" by not proving a "chain of custody" in "violation of Petitioners [sic] rights to due process."  Doc. 136 at 4, 15-17.  Walker alleges the state failed to prove a "chain of custody" because jewelry he was convicted of stealing was used as evidence at trial after being given back to the victim prior to trial. *Id.*  To the extent Walker is claiming this evidence should have been excluded, he did not present this claim to the state courts, at trial or on appeal.  *See Walker*, 310 Ga. App. 223.  This claim is not exhausted and the Court can treat it as procedurally defaulted.  *Hittson*, 759 F.3d at 1260 n.56 (quoting *Snowden*, 135 F.3d at 735).  Walker has not shown cause and prejudice or a fundamental miscarriage of justice necessary to excuse this procedural default.

Even if the claim were not barred, it would be futile.  A review of a state court's evidentiary rulings in federal habeas proceedings is limited to determining whether the court's ruling "so infused the trial with unfairness as to deny due process of law."  *Felker v. Turpin*, 83 F.3d 1303, 1311 (11th Cir. 1996).  When making this determination, the court views the evidence in this case in its entirety.  *Id.*  Here, the admission of the jewelry that was allegedly stolen by Walker did not result in such unfairness so as to deny him due process of law.  Walker alleges there was no proper chain of custody regarding this evidence, but the victim testified at trial and identified the stolen items.  Doc. 70-6 at 478-79.  In addition, the evidence against Walker, including the eye

witness testimony, was overwhelming regardless of the admission of the jewelry. Therefore, not only was the evidence properly admitted, but it was insignificant in light of the entirety of the evidence presented against Walker.

### C.  Excessive Sentence

Walker objects to the Recommendation not addressing his claim that his "[s]entence [sic] should have merged."  Doc. 136 at 10.  It is difficult to discern whether Walker is claiming that crimes he was charged with were in fact the same crime and should have merged to one charge or whether he was given an excessive sentence. The state habeas court addressed Walker's claim as one of "excessive sentence" and found the claim to be procedurally defaulted.  Doc. 137-1 at 21.  "Federal courts may not review a claim procedurally defaulted under state law if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar . . . ." *Hill v. Jones*, 81 F.3d 1015, 1022 (11th Cir. 1996).  Walker has not shown cause and prejudice or a fundamental miscarriage of justice necessary to excuse this procedural default.  Accordingly, the Court cannot review Walker's claim of "excessive sentence."

### D.  Denial of a Fair State Habeas Hearing

Walker objects to the Recommendation's failure to address his claim that the state denied him a fair habeas hearing.  Doc. 136 at 8.  Walker alleges because he was kept in restraints throughout his state habeas hearing he was denied "fair access to the Court, and the right to self-representation in violation of his 5th [sic] 6th [sic] and 14th Amendments of the U.S. Constitution."  Doc. 136 at 8.  In addition, Walker's objection advances the argument he was denied equal protection of the law in his state habeas hearing. *Id.* at 8.  Walker argues state habeas proceedings are normally conducted at

the prison and the prisoner is not forced to wear restraints as he was forced to.  To form a basis for habeas relief, a claim must relate to the cause of the petitioner's detention. *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987).  Walker's claims that he was denied a fair state habeas hearing, whether they are brought as an access to courts claim or as an equal protection claim, do not relate to the cause of his detention. Accordingly, these claims do not present a basis for habeas relief.  *See id.*

### III. Objection to Dismissal of Appointed Counsel and Motion for Reappointment of Counsel

Walker objects to the dismissal of his appointed counsel and requests "reappointment of counsel."  Doc. 136 at 3-4.  To the extent Walker is claiming the dismissal of his appointed counsel was improper, that claim is **DENIED** as the Court finds the dismissal was not improper.  In addition, Walker's motion for "reappointment of counsel" is DENIED for the same reasons.

Walker was appointed counsel on July 2, 2008 for purposes of an evidentiary hearing.  Doc. 135 at 2; *See* Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts; *see also McGriff v. Dept. of Corrs.*, 338 F.3d 1231, 1235 (11th Cir. 2003).  Walker's appointed counsel continued to represent him after the hearing.  Doc. 135 at p. 2.  Following the entry of the Magistrate Judge's recommendation, Walker's appointed counsel requested and was granted a termination of appointment because he was retiring from the practice of law.  *Id.* at 1.

There is no constitutional right to the appointment of counsel in post-conviction proceedings.  *Arthur v. Allen*, 452 F.3d 1234, 1249 (11th Cir. 2006), *opinion modified on reh'g*, 459 F.3d 1310 (11th Cir. 2006); *see also McGriff*, 338 F.3d at 1235 (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)).  In addition, other than the

requirement that counsel be appointed for evidentiary hearings, there is no statutory right to counsel in federal habeas proceedings. *See McGriff*, 338 F.3d at 1235 (finding the right to counsel for an evidentiary hearing in a 2254 case to be a statutory right and not a constitutional right). Otherwise, the appointment of counsel is within the discretion of the court. *See* 18 U.S.C. § 3006A(a)(2)(B); *see also* Appendix A, p. 2 of the United States District Court for the Middle District of Georgia Local Rules. Under 2241, 2254, or 2255 of title 28, the Court may appoint counsel for any financially eligible person if the court determines "the interests of justice so require." *Id.*

After reviewing the record, the Court has determined this is not a situation in which "the interests of justice so require" the appointment of counsel. The record indicates that Walker is capable of adequately representing himself. Walker represented himself in his state habeas action and, prior to the appointment of counsel, in this federal habeas action. Additionally, even after the appointment of counsel, Walker continued to submit pro se filings to the court. *See, e.g.*, Doc. 131. Therefore, the Court agrees with the finding of the Magistrate Judge that Walker is competent to represent himself and finds that the dismissal of appointed counsel was not improper. In addition, Walker's motion for "reappointment of counsel" is **DENIED** for the same reasons.

### CONCLUSION

The Court has reviewed Walker's petition and the Recommendation. The court has considered Walker's objection and has made a de novo determination of the portions of the Recommendation to which he objects. The Court **adopts as modified** the findings, conclusions, and recommendation of the Magistrate Judge. In addition, the

Court has construed Walker's Objection as a motion to amend and has **DENIED** that

motion as untimely.  The Court has also **DENIED** Walker's objection to the dismissal of

appointed counsel and **DENIED** the motion for "reappointment of counsel."  Accordingly,

Walker's § 2254 petition is **DENIED**.

**CERTIFICATE OF APPEALABILITY**

The Court can issue a Certificate of Appealability ("COA") only if a petitioner "has

made a substantial showing of the denial of a constitutional right."  28 U.S.C. §

2253(c)(2).  To merit a COA, the Court must determine "that reasonable jurists could

debate whether (or, for that matter, agree that) the petition should have been resolved

in a different manner or that the issues presented were adequate to deserve

encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)

(internal quotation marks omitted) (citations omitted).  If a procedural ruling is involved,

the petitioner must show "jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional right and that jurists of reason would

find it debatable whether the district court was correct in its procedural ruling."  *Slack v.

McDaniel*, 529 U.S. 473, 484 (2000).  Under this standard, the COA is **DENIED**.

**SO ORDERED**, this 12th day of December, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT